KLEIN, Judge,
dissenting.
Although I find this case to be very close, I have concluded that the tribe is not an instrumentality of the federal government when, under the ISDEAA, it is performing services for its members which would otherwise be provided by the federal government.
Self-determination contracts are defined in 25 U.S.C. section 450(b)(j) (Supp.1997) as:
a contract (or grant or cooperative agreement utilized under section 450e-l of this title) entered into under part A of this subehapter between a tribal organization and the appropriate Secretary for the planning, conduct and administration of programs or services which are otherwise provided to Indian tribes and their members pursuant to Federal Law.
These self-determination contracts, as the above language indicates, contemplate an agreement between two separate legal entities, each with separate duties and responsibilities under the contract. The legislative intent behind ISDEAA is for Indians to take over and provide for themselves services which have traditionally been provided by the federal government. 25 U.S.C. § 450a(b) (Supp.1997).
Although at the turn of this century, the Supreme Court enunciated a “federal instrumentality” doctrine, as applied to Indian tribes, in United States v. Rickert, 188 U.S. 432, 23 S.Ct. 478, 47 L.Ed. 532 (1903), Indian tribes are no longer considered such. The decline of that theory is explained in Mescalero Apache Tribe v. Jones, 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973) and cases cited therein. In Groundhog v. Keeler, 442 F.2d 674 (10th Cir.1971) the court concluded that “[a]n Indian tribe or nation is not a federal instrumentality.” This court quoted Groundhog in Askew v. Seminole Tribe of Florida, Inc., 474 So.2d 877 (Fla. 4th DCA 1985).
In Blaze Construction Co. v. Taxation & Revenue Department of New Mexico, 118 N.M. 647, 884 P.2d 803 (N.M.1994), the issue was whether an Indian tribe was part of the Bureau of Indian Affairs. The state of New Mexico was attempting to impose taxes against an Indian-owned contractor who had entered into agreements with the Bureau of Indian Affairs to construct roads on reservation land. The contractor was arguing that there was a partnership or agency relationship between the Indian tribes and the Bureau, and that the state could therefore not impose taxes; however, the New Mexico Supreme Court rejected that argument, stating:
The BIA is not a partner or agent of an Indian tribe for the purpose of entering into agreements with contractors to construct roads on Indian land. To equate Indian tribes and the BIA in this way ignores the fact that tribal governments have retained an element of sovereignty separate and distinct from the federal government. ... While the BIA acts in an administrative capacity on the tribe’s behalf, it is not synonymous with the tribe; it exercises federal, rather than tribal, authority when entering into contracts for road construction on tribal land.
Id. at 806.
In my opinion, although the tribe may be granted some attributes of the federal government when it performs services under a contract with the federal government, those attributes do not make the tribe an instrumentality of the federal government so as to entitle it to immunity from taxation under the statute.